UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED HOUMA NATION, INC. *Plaintiff* | * * * | CIVIL ACTION |
| | * | NO. 2:21-cv-00439 |
| VERSUS | * * * | |
| TERREBONNE PARISH SCHOOL BOARD, PHILIP MARTIN, GREGORY HARDING, & WALTER GUIDRY *Defendants* | * * * * * | MAGISTRATE JUDGE |

**COMPLAINT**

Introduction

1.   The United Houma Nation, Inc. is a 501(c)3, non-profit organization recognized as an Indian tribe by the State of Louisiana with an ongoing Cooperative Endeavor Agreement with the Terrebonne Parish School Board to steward the former all-Indian Daigleville School located at 8542 East Main Street in Houma, Louisiana, and listed on the National Register of Historic Places for its significance to architecture and the education of local Native American youth.

2.   The Terrebonne Parish School Board, Philip Martin, and Gregory Harding knowingly divested the United Houma Nation, Inc. of its property rights by selling the Daigleville School to Walter Guidry without notice to the tribe, in a pre-arranged sale for half the appraised value, circumventing the due process clause of the Fourteenth Amendment.

3.   The United Houma Nation, Inc. seeks to have the sale declared invalid and unconstitutional, and to have its property rights restored.

1

4.     The United Houma Nation, Inc. further seeks injunctive relief for the immediate protection of the Daigleville School and the tribe's salvageable cultural remains.

## Jurisdiction and Venue

5.     Jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201, 2202; 42 U.S.C. Sections 1983, 1985, 1988, the Fourth, Fifth,and Fourteenth Amendments and 54 U.S.C. 300101 et seq., the National Historic Preservation Act. This is a civil suit seeking to enjoin and redress the deprivation, under color of law, of the rights, privileges, and immunities of plaintiff under the United States Constitution.

6.     Venue is proper in this court pursuant to 28 U.S.C. 1391(b).

## Parties

7.     The United Houma Nation, Inc. is a 501(c)3, non-profit organization recognized as an Indian tribe by the State of Louisiana. It is domiciled in Lafourche, Parish, Louisiana, and has its principal place of business at 991 Grand Caillou Road in Houma, Terrebonne Parish, Louisiana.

8.     Defendants are:

   a. Terrebonne Parish School Board, a school board organized under the laws of the State of Louisiana and domiciled in Terrebonne Parish, with a principal place of business at 201 Stadium Drive, Houma, Louisiana, 70360.

   b. Philip Martin, individually and in his capacity as Superintendent of the Terrebonne Parish School Board, is a person of the full age of majority, domiciled in Terrebonne Parish, with a business address of 201 Stadium Drive, Houma, Louisiana, 70360.

   c. Gregory Harding, individually and in his capacity as President of the Terrebonne Parish School Board, is a person of the full age of majority, domiciled in Terrebonne Parish, with a business address of 201 Stadium Drive, Houma, Louisiana, 70360.

    d.   Walter Guidry, is a person of the full age of majority, domiciled in Terrebonne Parish, with an address of 882 Crochetville Road, Montegut, Louisiana, 70377.

Facts

9. On May 5, 2015, the Terrebonne Parish School Board entered into a Cooperative Endeavor Agreement with the Untied Houma Nation, Inc. whereby the tribe would steward a former all-Indian school that had fallen into disrepair.

10. The Daigleville School is located at 8542 East Main Street in Houma, Louisiana, within the boundaries of Terrebonne Parish.

11. The property is significant to the history and culture of the tribe.

12. After decades of trying to gain access to the Terrebonne Parish school system, Indian students graduated from high school for the first time in Terrebonne Parish in 1962 at the Daigleville School, one hundred and forty (140) years after the School Board was first formed in 1822.

13. The historic building is not only a monument to the tribe's long struggle for education; it is also reflective of the parish's former triple-segregated school system that created all-white schools, all-black schools, and all-Indian schools.

14. While there are all-Indian schools in other places that are listed on the National Register, the vast majority of them are located on Indian reservations.

15. The Daigleville School is unique from an archaeological perspective because it was an all-Indian high school located outside of an Indian reservation.

16. Prior to signing the Cooperative Endeavor Agreement, the United Houma Nation, Inc. Principal Chief Thomas Dardar expressed concern that the tribe might devote resources to stewarding the building only to have its cultural icon ripped from its embrace years later.

17. Specifically addressing this verbalized concern, the Agreement contains language at Paragraph f that obligates the School Board to renew the Agreement every five (5) years "as long as UNITED HOUMA NATION utilizes the Daigleville School Property for the purposes set forth herein and UNITED HOUMA NATION repairs and maintains the building and grounds of the Daigleville School."

18. The automatically renewing Agreement could be terminated by the tribe, but only upon the tribe sending written notice to the School Board.

19. Signing of the Agreement with the assurance of the automatic renewal was celebrated throughout the tribe's citizenry of 19,000.

20. The United Houma Nation, Inc. is the largest state-recognized tribe in Louisiana, and the third largest in the country.

21. Following the signing, the ceremony for transferring of the keys was covered by the local press, and the tribe's social media, featuring photos of School Board Superintendent Philip Martin, United Houma Nation, Inc. Chief Thomas Dardar and former students of the Daigleville School.

22. The Agreement of cooperation appeared to represent a turning point in the long-embattled relationship between the School Board and the tribe.

23. After May 5, 2015, plaintiff immediately began insuring the property, naming the School Board as an additional insured, and kept the property insured throughout its stewardship, until February of 2021, when it learned the School had been sold.

24. Plaintiff also immediately began maintaining the grounds of the building and maintained the grounds throughout its stewardship, until February of 2021, when it learned the building had been sold.

25. Plaintiff also began making repairs to the building in 2015.

26. Plaintiff partnered with the Procter and Gamble Native American Network to perform further repairs on the building in 2016.

27. After completing an assessment and making initial repairs, the corporate giant's Native American Network team is scheduled to return to perform further repairs at the Daigleville School in 2022.

28. In 2019, the plaintiff partnered with historic preservationist Jacob Foreman to apply for listing on the National Register of Historic Places, administered through the National Park Service and the Louisiana State Historic Preservation Offices pursuant to the National Historic Preservation Act.

29. The National Historic Preservation Act created the State Historic Preservation Offices to adopt an Historic Preservation Master Plan in each state consistent with federal law, to advise the federal government which properties within the state should receive the distinction of National Historic Landmark, and to administer the federal historic preservation tax credit program in the states for the refurbishment of properties listed on the Register.

30. According to the federally-mandated Louisiana State Historic Preservation Master Plan, the United Houma Nation, Inc. has an especially vested interest in properties that contain the tribe's cultural remains.

31. On May 5, 2020, the Cooperative Service Agreement between the United Houma Nation, Inc. and the Terrebonne Parish School Board automatically renewed for another five (5) years, or until May 5, 2025, because the tribe had not sent written notice to cancel the Agreement as required for termination of the Agreement.

32. As a result, the tribe continued to pay the insurance on the building, including the School Board as an additional insured.

33. The tribe also continued to pay for maintaining the grounds of the property.

34. The tribe also continued planning with the Procter & Gamble Native American Network, anticipating further repairs at the Daigleville School in 2022.

35. The tribe also continued to have over $3500 in repair equipment inside the School for future repair work.

36. The tribe also continued to pursue the federal designation of National Historic Landmark pursuant to the National Historic Preservation Act.

37. The State of Louisiana Office of the Lieutenant Governor Department of Culture, Recreation & Tourism notified the Terrebonne Parish School Board that the Daigleville School had been nominated for listing on the National Register of Historic Places on May 20, 2020.

38. On May 28, 2020, twenty-two days into the second five-year term of the Cooperative Endeavor Agreement, the United Houma Nation, Inc. received a call from Curtis Constrantriche, on behalf of the School Board requesting a notice that the United Houma Nation, Inc. wished to renew the "expired" "lease".

39. United Houma Nation, Inc. Tribal Administrator Lanor Curole returned Mr. Constrantriche's call on May 29, 2020 – the next day.

40. Ms. Curole reminded Mr. Constrantriche that the Agreement had renewed on May 5, 2020, but the tribe would certainly send written notification of its intentions to renew the "expired" "lease" in response to his specific request.

41. Ms. Curole sent written notification to the School Board of the tribe's intentions to continue its stewardship of the Daigleville School on June 10, 2020.

42. Pursuant to the National Historic Preservation Act, members of the United Houma Nation, Inc. participated in the presentation of historic preservationist Jacob Foreman to the State Historic

Preservation Office's Review Committee to support the application for placement of the Daigleville School on the National Register on June 11, 2020.

43. The State of Louisiana Lieutenant Governor's Office invited Philip Martin to attend the Zoom Review Committee meeting (regarding the building owned by the School Board but stewarded by the United Houma Nation, Inc.) but Mr. Martin chose not to attend and not to send a representative.

44. Despite the School Board's nonappearance, based upon the application completed in cooperation with the United Houma Nation, Inc. and the presentation of historic preservationist Jacob Foreman, the State Historic Preservation Office recommended the Daigleville School to the federal National Park Service for inclusion on the National Register.

45. The federal government approved the recommendation, and the Daigleville School was officially listed on the National Register of Historic Places on October 21, 2020, (official reference #100005721) in the categories of architecture and ethnic heritage and for its association with the education of Native American youth.

46. Only about 17 other properties in Terrebonne Parish have received the prestigious distinction, and upon information and belief, none other for its association to the education of Native American youth during the era of segregation.

47. The Terrebonne Parish School Board listed the Daigleville School for sale on January 12, 2021.

48. Months prior, Philip Martin and Gregory Harding had already conspired to sell the Daigleville School to Walter Guidry.

49. The Terrebonne Parish School Board voted to sell the Daigleville School on October 6, 2020.

50. On the same day, Philip Martin signed a resolution on behalf of the School Board to sell the Daigleville School to Walter Guidry, eliminating any opportunity for the United Houma Nation, Inc., or any other potential buyer, to purchase the property, or for the public property to be sold for fair market value as constitutionally required.

51. The School Board listed the School for sale with a real estate agent on January 12, 2021.

52. On February 1, 2021, Gregory Harding signed the act of sale transferring ownership of the National Historic Landmark and two small adjacent properties to Walter Guidry for 51% of their appraised value pursuant to the Oct. 6 resolution.

53. In February, United Houma Nation Tribal Administrator Lanor Curole witnessed boxes of documents that had been hauled to the edge of the property for trash pickup.

54. Subsequently, Ms. Curole and tribal member Tyler Duplantis witnessed and photographed a school blackboard that, upon information and belief, had been removed from inside the building and set amongst the items piled in the trash.

55. This is the same blackboard used to teach the first Native Americans to ever graduate from high school in Terrebonne Parish, a cultural distinction recognized by the federal government.

56. The sale of the publicly-owned National Historic Landmark was achieved through the acts and omissions of School Board officials, acting under color of law, and Walter Guidry, who together divested the United Houma Nation, Inc. of its property rights by circumventing the 14th Amendment's due process requirements of notice and ability to be heard prior to government infringement upon substantive rights in order to achieve a pre-arranged sale.

57. The sale of the Daigleville School by the Terrebonne Parish School Board to Walter Guidry is invalid for each of the following independent reasons:

a. It violates the due process clause of the Fourteenth Amendment as a means to a prearranged sale of public property.

b. The publicly owned property was sold beneath fair market value in violation of Louisiana Constitution art. VII, Sec. 14.

c. The appraisal is invalid because it lacks information about an important, substantive quality of the building.

d. The acts and omissions of defendants, acting under color of law, are punishable under criminal statute 18 U.S.C. 242; and it is against public policy for criminal acts to form the basis of a valid contract.

e. The sale of publicly owned property on the National Historic Register with Native American cultural remains is contrary to the public policy of the United States government, as detailed in the National Historic Preservation Act, which has been adopted by the federally created Louisiana State Historic Preservation Office through its Master Plan, and cannot form the basis of a valid contract.

f. When School Board members voted to sell the Daigleville School on October 6, 2020, they lacked sufficient information to make a fully informed decision; thus, their consent to sell the National Historic Landmark is vitiated by error, and the act of sale is invalid.

g. The sale of an Indian tribe's cultural icon listed on the National Register of Historic Places for its significance to architecture and the education of the tribe's youth by officials of an elected School Board without notice to the Indian tribe for half the appraised value in violation of the Louisiana Constitution so that the co-conspirators could achieve their prearranged sale is unconscionable; and unconscionable acts by government officials cannot form the basis of a valid contract.

58. Plaintiff seeks a judgment declaring the Terrebonne Parish School Board's sale of the Daigleville School to Walter Guidry invalid and unconstitutional.

59. Plaintiff further seeks the restoration of its property rights, and all other equitable relief.

60. The defendants' acts and omissions are part of a pattern of unconstitutionally selling public property beneath fair market value.

61. On February 25, 2021, Terrebonne Parish School Board, Philip Martin and Gregory Harding, again sold public property beneath fair market value to Walter Guidry.

## Count One
## 42 USC 1983

62. The foregoing paragraphs are realleged and incorporated herein.

63. The defendants Terrebonne Parish School Board, Philip Martin, and Gregory Harding, acting under color of law, and Walter Guidry violated plaintiff's rights to receive procedural and substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution.

64. The defendants Terrebonne Parish School Board, Philip Martin and Gregory Harding deliberately sought to prevent the United Houma Nation, Inc. from receiving prior notice of the School Board's intention to sell the Daigleville School in violation of the due process clause of the Fourteenth Amendment so as to achieve their pre-arranged sale.

## Count Two
Violations of the Spirit and Public Policy of the National Historic Preservation Act

65. The foregoing paragraphs are realleged and incorporated herein.

66. The defendants' actions are contrary to the spirit and public policy contained in the National Historic Preservation Act as promulgated by the Louisiana State Historic Preservation

Office, whose Master Plan dictates that Louisiana state-recognized tribes have a vested interest in property that contain their cultural remains.

## Count Three

### Possessory Action

67. The foregoing paragraphs are realleged and incorporated herein.

68. The United Houma Nation, Inc. has a vested interest in the Daigleville School located at 8542 East Main Street in Houma, Louisiana.

69. The unconstitutional sale of the Daigleville School has caused the United Houma Nation's occupancy and peaceable enjoyment of the property to be disturbed.

70. The United Houma Nation, Inc. is threatened with unimaginable destruction of its irreplaceable historic cultural remains.

71. The United Houma Nation, Inc. desires to have its occupancy restored, and to have the sale of the Daigleville School to Walter Guidry declared invalid and unconstitutional.

## Count Four

### Breach of Contract

72. The foregoing paragraphs are realleged and incorporated herein.

73. The act and omissions of the conspiring defendants described herein constitute a breach of the Terrebonne Parish School Board's Cooperative Endeavor Agreement with the United Houma Nation.

74. There was a meeting of the minds upon the signing of the Agreement that the Agreement would automatically renew every five years.

75. The United Houma Nation, Inc. addressed the material issue specifically with School Board representatives prior to signing the Agreement.

76. Any ambiguity as to whether the Agreement renewed on May 6, 2020, is held against Terrebonne Parish School Board, Philip Martin and Gregory Harding as the writers of the contract.

Count 5

Wrongful Eviction/Conversion

77. The foregoing paragraphs are realleged and incorporated herein.

78. The United Houma Nation, Inc. was party to a Cooperative Endeavor Agreement with the Terrebonne Parish School Board on February 1, 2021, when the building was sold.

79. Furthermore, the federally mandated-Louisiana State Historic Preservation Office's Master Plan specifically states that Indian tribes, including state-recognized tribes, have a vested interest in the state's handling of sensitive archaeological sites and traditional cultural properties especially those that contain the tribe's cultural remains.

80. At the time of the sale of the property, the United Houma Nation, Inc., former Principal Chief Thomas and Noreen Dardar had approximately $3500 in repair equipment inside the Daigleville School.

81. The building was sold with all of its contents, so that the illegal sale converted the movable property of United Houma Nation, Inc. and Thomas and Noreen Dardar to the ownership of Walter Guidry.

82. The United Houma Nation, Inc. and former Principal Chief Thomas and Noreen Dardar desire to have their rights restored and the movable property protected and returned.

83. The Terrebonne Parish School Board failed to seek a court order required by La. C.C.P. art. 4202 when an owner believes an occupants' rights to enjoy property have expired.

84. The Terrebonne Parish School Board and its agents' failure to give notice to the United Houma Nation, Inc. that the building the tribe occupied and its contents were being sold, along

with the sale of the historic building, together constitute an illegal, self-help eviction and property conversion.

85. The Plaintiff requests a trial by jury.

## DEMAND

WHEREFORE, the premises considered, plaintiff prays that this Honorable Court:

1. Assume jurisdiction of this cause and set it down promptly for hearing.
2. Pending a hearing, grant a temporary restraining order enjoining and restraining the defendants, and any state actor, their successors in office, their agents and employees, or any other state agency, and all other persons acting in concert with them from selling, leasing, encumbering, demolishing, continuing to alter, defacing, or damaging in any way the Daigleville School located at 8542 East Main Street in Houma, Louisiana, or its contents, or any movable property from within the School or other structures at the address that have previously been removed but over which any one of the defendants continue to exercise control.
3. Grant preliminary and permanent injunctions to the same effect pursuant to Rule 65 of the Federal Rules of Civil Procedure.
4. Enter a final judgment requiring that the defendants allow the United Houma Nation, Inc. and tribal members to retrieve their movable property currently located inside the Daigleville School.
5. Enter a final judgment declaring the sale of the public's property at 8542 East Main Street, in Houma, Louisiana from the Terrebonne Parish School Board to Walter Guidry unconstitutional and restoring the United Houma Nation, Inc. to its occupancy, stewardship and all other vested rights in the Daigleville School.

6. Tax the costs of this action against the defendants.

7. Award plaintiff's attorney fees pursuant to 42 U.S.C. Section 1988.

8. Grant any further relief to which the plaintiff may be entitled in the premises of each count described herein.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF MICHAEL J. BILLIOT, LLC
810 Roussell Street
Houma, Louisiana
985-873-8307 Phone
985-346-6052 Fax

s/Michael J. Billiot
MICHAEL J. BILLIOT, Bar Roll No. 30223